Homer Eugene **COPPEDGE**, Petitioner,

v.

**STATE** of Oklahoma, and Ray H. Page, Warden, Oklahoma State Penitentiary, Respondents.

No. A–13807.

Court of Criminal Appeals of Oklahoma.

Oct. 20, 1965.

BUSSEY, Presiding Judge.

On the 24th day of September, 1965, Homer Eugene Coppedge, petitioner, filed in this Court a petition alleging that he was denied his constitutional right to a casemade at public expense in District Court case no. 20721, wherein he was convicted of the offense of Attempted Grand Larceny After Former Conviction of a Felony.

Petitioner further alleges that although a timely request was made for appointment of counsel to represent him in perfecting an appeal to this Court from said judgment and sentence, such request was denied by the trial court, and as a consequence thereof no appeal was ever perfected to this Court within the time allowed by law.

This matter was set for hearing on October 6, 1965, and submitted on the verified petition of Homer Eugene Coppedge, and the exhibits attached thereto.

We have carefully examined the verified petition and the exhibits, and find that Homer Eugene Coppedge was an indigent person represented by the public defenders of Tulsa County during his trial in District Court Case no. 20721, that motion for new trial was filed, notice of intent to appeal was given and a timely request made for the appointment of counsel and casemade at public expense, and that the same were denied.

The trial court refused to appoint counsel to represent the petitioner for the reason that said court had no statutory authority to make such appointment. The casemade was denied for the reason that the request for same was not in proper form duly verified with accompanying proof of poverty.

We are of the opinion and therefore hold that when the District Court has appointed the public defender to represent an indigent person, and said indigent person is convicted and notice of intent to appeal has been duly entered, and a timely request was made for the appointment of counsel and casemade at public expense, it is unnecessary for the defendant to file a verified application with supporting proof of poverty, but it is sufficient that the request for a casemade and counsel are timely filed, the fact of the prisoner's indigency having previously been determined by the court.

It is therefore the order of this Court that the Presiding Judge of the Fourteenth Judicial District enter an order directing the preparation of casemade at public expense in District Court case no. 20721, and that the court reporter shall have thirty (30) days within which to prepare said casemade, the same to be served, signed and settled as provided by law.

It is the further order of this Court that the Presiding Judge of the Fourteenth Judicial District enter an order appointing counsel to represent Homer Eugene Coppedge in perfecting an appeal to this Court; said counsel shall have fifteen (15) days from the receipt of the casemade to prepare a petition in error with casemade attached and file the same in this Court without cost. Said counsel shall have thirty (30) days thereafter within which to submit brief in support of the petition in error, and the Attorney General shall have thirty (30) days thereafter within which to file an answer brief.

BRETT, J., concurs.